IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELVIN JONES and BRIAN SELLERS,<br><br>    Plaintiffs,<br><br>v.<br><br>TRANS UNION LLC,<br><br>    Defendant. | Case No. 23 C 15805<br><br>Hon. LaShonda A. Hunt |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kelvin Jones and Brian Sellers bring this action against Defendant Trans Union LLC ("TransUnion") for violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (the "ADEA"). Currently before the Court is TransUnion's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Am. Mot., Dkt. 23). For the reasons discussed below, TransUnion's motion is granted and this action is dismissed with prejudice.

## BACKGROUND

TransUnion is a credit and information management company based in Chicago, Illinois. (Compl. ¶¶ 10-11, Dkt. 1). Jones worked for TransUnion from July 2003 to June 4, 2018, when he was terminated for alleged poor performance and not meeting expectations. (*Id.* ¶¶ 18, 22). Sellers worked for TransUnion from April 1998 to June 5, 2018, when he was terminated for alleged poor performance and not meeting expectations. (*Id.* ¶¶ 44, 48). At the time of their terminations, Jones was 59 years old and Sellers was 58 years old. (*Id.* ¶¶ 24, 50). A third employee with seniority and age similar to Jones and Sellers was also terminated in early June 2018.[1] (*Id.* ¶¶ 28, 31, 53-54).

---

[1] The third employee was represented by a different attorney and filed a separate lawsuit that was dismissed by stipulation after the parties reached a settlement. *See Green v. TransUnion, LLC*, 18 C 7649, Dkt. 47 (N.D. Ill. Jan. 14, 2020).

1

According to Plaintiffs, they were terminated because of their age and as part of a pattern and practice of discrimination based on age by TransUnion. (*Id.* ¶¶ 1, 75-76, 79, 87-88, 91).

Plaintiffs filed charges of discrimination against TransUnion with the Illinois Department of Human Rights ("IDHR") and United States Equal Opportunity Commission ("EEOC"). (*Id.* ¶ 4). The Illinois Human Rights Commission ("IHRC") dismissed Jones' charge on June 3, 2022, and Sellers' charge on August 23, 2022. (*Id.* ¶ 5, Ex. A, Ex. B). The EEOC issued a Notice of Right to Sue for Jones on October 26, 2023, and a Dismissal of Charge for Sellers on August 7, 2023. (*Id.* ¶¶ 6-7, Ex. C, Ex. D (noting that "[t]he EEOC is closing this charge because: Charging Party Failed to Cooperate.")). This is the only information alleged by Plaintiffs concerning any prior proceedings relating to their terminations.

In TransUnion's motion, though, it provides the following additional details regarding the administrative proceedings before the IDHR, IHRC, and EEOC, along with a subsequent lawsuit filed in Illinois state court.[2] (Am. Mot. at 186-189).[3] Jones filed a charge of discrimination alleging termination because of age on November 30, 2018. (*Id.*, Ex. 1). The IDHR issued a finding of substantial evidence on August 6, 2020. (*Id.*). The IDHR subsequently filed a complaint with the IHRC on Jones' behalf. (*Id.* at 187). An administrative law judge issued a Recommended Order and Opinion on March 7, 2022, determining that dismissal with prejudice for want of prosecution and apparent abandonment was appropriate because Jones failed to appear at two status hearings and failed to comply with discovery deadlines. (*Id.*, Ex. 2). After Jones failed to timely file

---

[2] The Court can consider these facts and the related documents, as public court documents and administrative agency decisions are typically subject to judicial notice. *Mitchell v. B-Way Corp.*, No. 20 C 1648, 2021 WL 83735, at *1 (N.D. Ill. Jan. 11, 2021) (citing *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018); *Opoka v. I.N.S.*, 94 F.3d 392, 394-395 (7th Cir. 1996); Fed. R. Evid. 201).

[3] Unless otherwise noted, page numbers in citations to the docket reference the "PageID #" in the CM/ECF header of the filing, not other page numbers in the header or footer of the document.

exceptions, the IHRC adopted the recommendation and dismissed Jones' charge with prejudice. (Compl., Ex. A).

Sellers also filed a charge of discrimination alleging termination because of age on November 30, 2018. (Am. Mot., Ex. 3). The IDHR issued a finding of substantial evidence on August 6, 2020. (*Id.*) The IDHR subsequently filed a complaint with the IHRC on Sellers' behalf. (*Id.* at 187). An administrative law judge issued a Recommended Order and Opinion on April 1, 2022, determining that dismissal with prejudice for failure to prosecute was appropriate because Sellers had done nothing to materially advance his case and failed to communicate with TransUnion, respond to discovery requests, and appear at status hearings. (*Id.*, Ex. 4). After Jones failed to timely submit exceptions, the IHRC adopted the recommendation and dismissed Jones' charge with prejudice. (Compl., Ex. B).

On June 5, 2023, after Plaintiffs' charges of discrimination had been dismissed by the IHRC with prejudice, they filed a joint lawsuit in the Circuit Court of Cook County, Illinois. *Jones v. TransUnion LLC*, No. 2023 L 5733 (Cook Cnty. Cir. Ct.) (the "State Court Action"); (Am. Mot., Ex. 5). Counts II and IV of the complaint in the State Court Action specifically alleged "violation of section 2-102(A) of the Illinois Human Rights Act[,]" 775 ILCS 5/2-102(A), and stated that TransUnion's "actions also violated the Age Discrimination in Employment Act, 29 U.S.C. §[ ]623(a)(2)[.]" (Am. Mot., Ex. 5 ¶¶ 30, 36, 64, 70). On December 20, 2024, the judge in the State Court Action entered an order dismissing Counts II and IV with prejudice. (*Id.*, Ex. 7). Although the order does not include any written analysis or reasoning for dismissal of Counts II and IV because it was entered following oral argument and presumably an oral ruling,[4] if the court accepted the arguments made in TransUnion's dismissal motion, then the age discrimination

---

[4] No transcript has been provided.

3

claims were dismissed under the doctrine of claim preclusion based on the IHRC dismissals with prejudice and as untimely because the State Court Action was not filed within 90 days after Jones' and Sellers' respective IHRC dismissals.[5] (*Id.*, Ex. 6 at 268-270).

As previously noted, the EEOC issued right-to-sue letters for Jones and Sellers on October 26, 2023, and August 7, 2023, respectively. Plaintiffs then filed this action in federal court on November 8, 2023. The complaint includes claims under the ADEA for age discrimination by Jones (Count I) and Sellers (Count II), (Compl. ¶¶ 69-92), and of disparate impact of performance assessments (Count III), (*id.* ¶¶ 93-99).

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal based on a complaint's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a claim under Rule 12(b)(6), all non-conclusory factual allegations must be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In addition, the complaint must be construed in the light most favorable to the plaintiff and all reasonable inferences must be drawn in the plaintiff's favor. *Levy v. W. Coast Life Ins. Co.*, 44 F.4th 621, 626 (7th Cir. 2022). Generally, only the plaintiff's complaint, exhibits, matters central to the claims and incorporated by reference, and items subject to judicial notice may be considered. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

---

[5] The State Court Action was filed 367 days and 286 days after Jones' and Sellers' respective charges were dismissed.

Applying these principles, a complaint will survive a motion to dismiss if it "states a plausible claim for relief." *Iqbal*, 556 U.S. at 679 (2009) (citing *Twombly*, 550 U.S. at 556). To state a plausible claim for relief, a complaint must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679. The movant has the ultimate burden to show that dismissal is warranted. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021). Although affirmative defenses are ordinarily not grounds for granting a motion to dismiss, dismissal is appropriate where the existence of a valid defense such as claim preclusion is plain from the face of the complaint and properly noticed facts. *Mitchell*, 2021 WL 83735, at *1 (citing *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *Tierney v. Vahle*, 304 F.3d 734, 738-739 (7th Cir. 2002)).

## **DISCUSSION**

In response to Plaintiffs' complaint, TransUnion moved for dismissal with prejudice under the doctrine of claim splitting. Essentially, TransUnion argues that Plaintiffs are trying to assert claims in this action that could and should have been brought in the State Court Action. In addition, to the extent the complaint in the State Court Action asserted ADEA claims, TransUnion contends that those claims were already dismissed with prejudice and Plaintiffs are trying to reassert them here. Plaintiffs respond that they could not have brought age discrimination claims under the ADEA in the State Court Action because such claims are "required by law to be filed in federal court . . . after the receipt of a Right to Sue letter from the EEOC." (Resp. at 311, Dkt. 26). According to Plaintiffs, the doctrine of claim splitting does not prohibit them from bringing this separate case in federal court because they had not exhausted administrative remedies with the EEOC before filing the State Court Action. (*Id.* at 312). Plaintiff also contends that the State Court

Action was "specifically NOT based upon an age discrimination claim"[6] and the order dismissing Counts II and IV of the complaint in the State Court Action "applies only to the claim based upon the IDHR state law claim." (*Id.* at 313). At bottom, Plaintiffs insist that claim splitting does not apply because the ADEA claims could not have been entertained in the State Court Action. (*Id.*).

Under the doctrine of claim splitting, which draws on the law of claim preclusion, litigation of a claim duplicative of a claim resolved in an earlier suit is barred if: (1) the causes of action are the same; and (2) the parties are the same. *Scholz v. United States*, 18 F.4th 941, 952 (7th Cir. 2021). The requirement that the causes of action be the same is satisfied if the claims arise out of the same set of operative facts or the same transaction, regardless of whether different theories of relief are asserted. *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1017 (7th Cir. 2014); *Scholz*, 18 F.4th at 952.

In *Walczak*, a plaintiff facing discharge proceedings filed a charge of discrimination with the EEOC alleging age discrimination in violation of the ADEA. 739 F.3d at 1014. While the EEOC charge was pending, the plaintiff's employment was terminated and she filed a complaint in state court challenging her employer's termination decision. *Id.* The plaintiff subsequently received a right-to-sue letter from the EEOC and filed a separate action in federal court against her employer for age discrimination under the ADEA based on her termination. *Id.* The Seventh Circuit held that the plaintiff could have brought the ADEA claim in conjunction with her state-court suit and her federal suit was therefore precluded under the doctrine of claim splitting because "state circuit courts have jurisdiction over federal civil-rights claims" and "Illinois litigants seeking circuit-court review of administrative proceedings implicating events that also give rise to a federal

---

[6] It is difficult to understand how the State Court Action could not have been based on an age discrimination claim when the relevant claims (Counts II and IV) included the following language in their titles: "DISCRIMINATION ON THE BASIS OF AGE AND/OR SENIORITY". (Am. Mot., Ex. 5 at 246 & 252).

civil-rights claim must join that claim with the judicial-review action in the circuit court." *Id.* at 1017 (citing *Blount v. Stroud*, 232 Ill. 2d 302, 328 (2009); *Dookeran v. County of Cook,* 719 F.3d 570, 577 (7th Cir. 2013); *Abner v. Ill. Dep't of Transp.,* 674 F.3d 716, 722 (7th Cir. 2012); *Garcia v. Vill. of Mount Prospect,* 360 F.3d 630, 643-644 (7th Cir. 2004)).

The Court finds the facts of this case directly analogous to those in *Walczak*. In both cases, a charge for age discrimination under the ADEA was pending with the EEOC at the time a complaint based on termination was filed in state court and then, after the EEOC issued a right-to-sue letter, a separate action was filed in federal court for age discrimination under the ADEA. Here, the case for claim splitting is even more compelling, though, because Plaintiffs' complaint in the State Court Action also asserted claims for age discrimination based on termination and explicitly referenced ADEA violations. In *Walczak*, the plaintiff sought review of her employer's termination decision in state court based on the Illinois School Code and violations of her due process rights and appears not to have directly asserted any age discrimination claims. But just as the Seventh Circuit concluded that the plaintiff in *Walczak* could and should have brought her ADEA age discrimination claim in her first-filed state court action, the same principle applies equally to Plaintiffs in this matter. In other words, regardless of whether the complaint in the State Court Action included ADEA claims that were dismissed, Plaintiffs could and should have brought ADEA claims along with their other causes of action arising from their terminations.

The Court disagrees with Plaintiffs' contention that a different result is required under the approach taken by District Judge Coleman in *Tyson v. Mars Wrigley Confectionary U.S., LLC*, No. 21 C 3504, 2022 WL 198893, at *2 (N.D. Ill. Jan. 21, 2022). In that case, some claims were dismissed under the doctrine of claim splitting and some claims were dismissed as untimely. *Id*. at *2. Because the plaintiff's ADEA claims were untimely, the court did not need to consider whether

7

they were otherwise precluded. Thus, that nonprecedential decision is neither controlling nor applicable to the case at bar.

## CONCLUSION

For the reasons stated above, Defendant Trans Union LLC's amended motion to dismiss (Dkt. 23) is granted and this action is dismissed with prejudice.

**DATED**: March 13, 2025          **ENTERED**:

*LaShonda A. Hunt*
LASHONDA A. HUNT
United States District Judge